IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUNDAY'S CHILD, LLC, ET AL. | CIVIL NO. 13-00502 DKW-RLP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT IRONGATE AZREP BW LLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS |
| vs. | |
| IRONGATE AZREP BW LLC, ET AL. | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART DEFENDANT IRONGATE AZREP BW LLC'S MOTION FOR
AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS[1]

Before the Court is Defendant Irongate Azrep BW LLC's Motion for an Award of Attorneys' Fees and Non-taxable Costs ("Motion"). ECF No. 24. Plaintiffs did not file an opposition to the Motion. Defendant filed its Reply on March 31, 2014. ECF No. 36. The Court found this matter suitable for disposition without a hearing pursuant to Local Rule 54.3(f) of the Local Rules of Practice for the United States District Court for the District of Hawaii. See ECF No. 26. After careful consideration of the Motion, the supporting memorandum, declaration, and exhibits attached thereto, and the record established in this action, the Court FINDS AND RECOMMENDS that Defendant's Motion be

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Plaintiffs initiated this lawsuit against Defendant alleging that Defendant breached various sales contracts to purchase certain real property. On February 4, 2014, the court granted Defendant's Motion to Dismiss the Complaint. ECF No. 22. In dismissing Plaintiffs' Complaint, the court held that Plaintiffs' claims were barred by the express terms of the Settlement Agreement entered into between Plaintiffs and Defendant after disputes arose related to the sale contracts. Id. at 8-11. The Clerk of Court filed Judgment in favor of Defendant on February 4, 2014. See ECF No. 23. The present Motion followed.

## ANALYSIS

In diversity cases, the Court must apply state law in determining whether the prevailing party is entitled to attorneys' fees. Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000); See Notice of Removal ¶ 1 (asserting jurisdiction under 28 U.S.C. § 1332). Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (citing Weinberg v. Mauch, 890 P.2d 277, 290 (Haw. 1995)).

Here, Defendant seeks an award of fees under Hawaii Revised Statutes Section 607-14. Section 607-14 provides that attorneys' fees shall be awarded "in all actions on a . . . contract in writing that provides for an attorney's fee." Haw. Rev. Stat. § 607-14. Section 607-14 also provides that such fees shall "not exceed twenty-five per cent of the judgment." Haw. Rev. Stat. § 607-14. To award attorneys' fees under Section 607-14, the court must determine whether: (A) the action is on a contract in writing that provides for attorneys' fees; (B) Defendant is the prevailing party; (C) the fees requested are reasonable; and (D) the fees do not exceed twenty-five percent of the judgment.

**A. Action on a Contract that Provides for Attorneys' Fees**

Defendant asserts that it is entitled to fees because this action was on a contract that provides for attorneys' fees, namely the Settlement Agreement. The Settlement Agreement provides that "[s]hould any action to enforce this Agreement occur, the prevailing party(ies) shall recover his, her, its, or their attorneys' fees and costs from the non-prevailing party(ies)." ECF No. 6-4 at 5. There is no dispute that the court enforced the terms of the Settlement Agreement in dismissing Plaintiffs' Complaint and that Defendant is the prevailing party. Accordingly, Defendant has a contractual basis

3

for an award of attorneys' fees under Section 607-14.

**B. Prevailing Party Status**

Defendant prevailed on its Motion to Dismiss and Judgment was entered in its favor. ECF Nos. 22, 23. Because any dismissal that results in judgment is sufficient to support an award for attorneys' fees under Hawaii law, see Kona Enters., 229 F.3d at 883, the Court concludes that Defendant is the "prevailing party" for purposes of Section 607-14. See also Blair v. Ing, 31 P.3d 184, 189 (Haw. 2001) ("a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607-14.").

**C. Reasonable Attorneys' Fees and Costs**

Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See DFS Grp. L.P. v. Paiea Props., 131 P.3d 500, 505 (Haw. 2006). Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. See id. 505-06. In addition, the court may consider additional factors including the novelty of the questions involved and charges for similar service in the community. See Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw. 106 P.3d 339, 358 (Haw. 2005); Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw.,

992 P.2d 127, 137 (Haw. 2000). Defendant requests the following attorneys' fees for work performed by its counsel:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Terence O'Toole, Esq. | 24.8 | $500.00 | $12,400.00 |
| Andrew Lautenbach, Esq. | 35.9 | $275.00 | $9,872.50 |
| Margaret Jenkins, Esq. | 12.0 | $300.00 | $3,600.00 |
| Emily Schmitz, Esq. | 10.3 | $230.00 | $2,369.00 |
| Maegan Wilber, law clerk | 12.4 | $175.00 | $2,170.00 |
| Chynna Stone, law clerk | 8.0 | $175.00 | $1,400.00 |
| SUBTOTAL | | | $31,811.50 |
| General Excise Tax | | 4.712% | $1,498.96 |
| TOTAL | | | $33,310.46 |

See ECF No. at 24-2 ¶¶ 10, 11; Aff. of Andrew Lautenbach submitted in support of Mot. ("Lautenbach Aff.").[2]

### 1. Reasonable Hourly Rate

Hawaii courts consider the reasonable hourly rate in a manner similar to the traditional lodestar formulation, and some Hawaii state courts have considered federal law in determining a reasonable hourly rate. See, e.g., Cnty. of Haw. v. C & J Coupe Family Ltd. P'ship, 208 P.3d 713, 720 (Haw. 2009). The Court finds that federal case law regarding the determination of a reasonable hourly rate is instructive in this case. In assessing whether an hourly rate is reasonable, a court "should be guided

---

[2] The Court's calculations include fees and taxes that Defendant incurred in relation to the preparation of the present Motion. See Lautenbach Aff. ¶ 11.

5

by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Webb v. Ada Cnty., 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986)); see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, the fee applicant is required to submit additional evidence that the rate charged is reasonable. Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987).

Defendant requests the following hourly rates: 1) Mr. O'Toole - $500.00; 2) Mr. Lautenbach - $275.00; 3) Ms. Jenkins - $300.00; 4) Ms. Schmitz - $230.00; 5) Ms. Wilber - $175.00; and 6) Ms. Stone - $175.00. Lautenbach Aff. ¶¶ 9, 11-17. Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and counsel's submissions, this Court finds that many of the requested hourly rates are excessive. The Court reduces most of the requested hourly rates and finds that the following hourly rates are reasonable: 1) Mr. O'Toole - $390.00; 2) Mr. Lautenbach - $190.00; 3) Ms. Jenkins - $300.00; 4) Ms. Schmitz - $180.00; 5) Ms. Wilber - $100.00; and 6) Ms. Stone - $100.00. See, e.g., Au v. Funding Grp., Inc., 933 F.

Supp. 2d 1264 (D. Haw. 2013) (finding $395 per hour was a reasonable hourly rate for a senior partner-level litigation attorney); Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., Civ. No. 09-00429 ACK-KSC, 2012 WL 2529298, at *11 (D. Haw. Jun. 28, 2012) (finding that $280 an hour was reasonable for an attorney with twenty-nine years experience); Gunderson v. Mauna Kea Props., Inc., Civil No. 08-00533 KSC, 2011 WL 9754085, at *6 (D. Haw. May 9, 2011) (awarding $175 per hour for attorneys with seven years experience); Eggs 'N Things Int'l Holdings PTE, Ltd. v. ENT Holdings LLC, Civil No. 11-00626 LEK-KSC, 2012 WL 1231962, at *1 (D. Haw. Mar. 20, 2012) (finding $100 per hour was a reasonable hourly rate for a law clerk).

### 2. Hours Reasonably Expended

For the same reasons as those discussed above, the Court finds that federal case law regarding the determination of reasonable hours spent is instructive in this case. Defendant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. See Smothers v. Renander, 633 P.2d 556, 563 (Haw. Ct. App. 1981) (stating that it is the prevailing party's burden to show that the fee is for services reasonably and necessarily incurred). The Court has reviewed the time entries provided by counsel and finds that the hours spent by Defendant are reasonable.

### 3. Total Lodestar Calculation

Based on the foregoing, the Court finds that Defendant has established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Terence O'Toole, Esq. | 24.8 | $390.00 | $9,672.00 |
| Andrew Lautenbach, Esq. | 35.9 | $190.00 | $6,821.00 |
| Margaret Jenkins, Esq. | 12.0 | $300.00 | $3,600.00 |
| Emily Schmitz, Esq. | 10.3 | $180.00 | $1,854.00 |
| Maegan Wilber, law clerk | 12.4 | $100.00 | $1,240.00 |
| Chynna Stone, law clerk | 8.0 | $100.00 | $800.00 |
| SUBTOTAL | | | $23,987.00 |
| General Excise Tax | | 4.712% | $1,130.27 |
| TOTAL | | | $25,117.27 |

Accordingly, the Court recommends that Defendant be awarded $25,117.27 in attorneys' fees.

### 4. Non-taxable Costs

Defendant also seeks an award of non-taxable costs. ECF No. 24-1 at 15. Although Section 607-14 does not expressly authorize an award of non-taxable costs in addition to attorneys' fees, Hawaii courts have awarded non-taxable costs pursuant to Section 607-14. See Ko Olina Dev., LLC v. Centex Homes, CV. NO. 09-00272 DAE-LEK, 2011 WL 1235548, at *14 (D. Haw. Mar. 29, 2011) (citing Fought & Co., Inc. v. Steel Eng'g & Erection, Inc., 87 Haw. 37, 52, 951 P.2d 487, 502 (Haw. 1998)). Additionally, the

Settlement Agreement provision provides that the prevailing party shall recover its costs from the non-prevailing party.  ECF No. 6-4 at 5.  Defendant requests the following non-taxable costs: staff support costs of $966.00; computerized legal research costs of $1,474.09; copying costs of $380.50; postage costs of $3.55; and local delivery charges of $59.68.  ECF No. 24-1 at 15.

    **a. Staff Support**

The Court finds that costs related to support staff are not reasonable or appropriate.  Defendant requests fees of $966.00 related to work performed by "staff" billed at $60.00 per hour.  Lautenbach Aff. ¶ 18.  As a general rule, "[c]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  JJCO, Inc. v. Isuzu Motors Am., Inc, Civil No. 08-00419 SOM-LEK, 2010 WL 3001924, at *12 (D. Haw. July 30, 2010).  Defendant's counsel states that pursuant to an agreement with Defendant, "staff support charges for this matter were not encompassed by the attorneys' hourly rate as overhead, but were instead charged separately."  Lautenbach Aff. ¶ 18; see also ECF No. 24-1 at 14 n.4.  Defendant does not provide any authority to support its request for costs for support personnel and does not explain how its hourly rates were otherwise discounted to reflect this separate charge.  Even assuming that such costs were appropriate, Defendant has not provided any information to the Court to support a finding that

such costs are reasonable.  Defendant did not provide any information regarding the skill and experience of its staff to support the rate requested and did not provide any description regarding the work performed.  See ECF No. 24-6 at 7.  In other cases that presented unique circumstances, such as large class actions that required extensive administrative support, the court has allowed recovery of costs for support personnel for conducting tasks that were not clerical or ministerial in nature.  See, e.g., Donkerbrook v. Title Guaranty Escrow Servs., Inc., Civil No. 10-00616 LEK-RLP, 2011 WL 3649539, at *8 (D. Haw. Aug. 18, 2011) (allowing $50 per hour for legal secretaries and clerks in a class action settlement); Blake v. Nishimura, Civil No. 08-00281 LEK, 2010 WL 1372420 at *7-*9 (D. Haw. Mar. 21, 2010) (awarding $50 per hour for non-clerical tasks performed by document analysts in class action).  Here, there is no indication that the work performed by the support personnel was anything other than clerical and ministerial in nature.  Accordingly, given the lack of authority for such a request, the Court recommends that Defendant's request for these costs be denied.

### b. Computerized Legal Research

Defendant requests $1,474.09 for computerized legal research charges.  ECF No. 24-1 at 15.  However, in DFS Group L.P. v. Paiea Properties, the Hawaii Supreme Court examined whether such costs were recoverable under Section 607-14 and

expressly held that "computer-assisted research charges are subsumed within a law firm's overhead and therefore the client may not recover such costs by classifying them as separately billed attorneys' fees." 131 P.3d at 508. Accordingly, the Court recommends that Defendant's request for these costs be denied.

### c. Other Costs

Regarding the costs for copying ($380.50), postage ($3.55), and local deliveries ($59.68), the Court finds that these costs were reasonably incurred. In total, the Court finds that Defendant is entitled to $443.73 in non-taxable costs.

### D. Twenty-Five Percent Limitation

Section 607-14 limits the award of attorneys' fees and costs to twenty-five percent of the judgment. Haw. Rev. Stat. § 607-14. The limit is determined based on "the amount sued for if the defendant obtains judgment." Id. As noted by Defendant in its Motion, the Complaint sought a refund of deposits in the amount of $639,450.00. See ECF No. 1-2 ¶ 25. The attorneys' fees and costs that this Court recommends be awarded are well within the twenty-five percent limitation.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Defendant Irongate Azrep BW LLC's Motion for an Award of Attorneys' Fees and Non-Taxable Costs be GRANTED IN PART

AND DENIED IN PART.  The Court RECOMMENDS that Defendant be awarded $25,117.27 in attorneys' fees and $443.73 in non-taxable costs, for a total award of $25,561.00.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 10, 2014.



_____
Richard L. Puglisi
United States Magistrate Judge

**SUNDAY'S CHILD, LLC, ET AL. V. IRONGATE AZREP BW LLC, CIVIL NO. 13-00502 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT IRONGATE AZREP BW LLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS**