IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| SUNDAY'S CHILD, LLC, SUNDAY'S THIRD CHILD, LLC, SUNDAY'S FOURTH CHILD, LLC, AND SUNDAY'S FIFTH CHILD, LLC,<br><br>      Plaintiffs,<br><br>    vs.<br><br>IRONGATE AZREP BW LLC, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>      Defendants. | CIVIL NO. 13-00502 DKW-RLP<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART THE FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT IRONGATE AZREP BW LLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS |

**ORDER ADOPTING IN PART AND MODIFYING IN PART THE FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT IRONGATE AZREP BW LLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS**

Defendant Irongate AZREP BW LLC ("Irongate") objects to a portion of the Magistrate Judge's April 10, 2014 Findings and Recommendation, granting in part and denying in part Irongate's motion for an award of attorneys' fees and non-taxable costs ("F&R"). The Court adopts the conclusions of the F&R as to non-taxable costs. The Court also adopts the conclusion of the F&R as to the

hours reasonably expended by all timekeepers and the hourly rates of attorney Jenkins and law clerks Wilber and Stone. The Court modifies the F&R as to the reasonable hourly rate for attorneys O'Toole, Lautenbach, and Schmitz, and awards them the hourly rates they requested.

## BACKGROUND

On February 4, 2014, this Court granted Irongate's motion to dismiss, and judgment was entered the same day. Thereafter, Irongate filed a motion for attorneys' fees and a bill of costs. Plaintiffs Sunday's Child, LLC, Sunday's Third Child, LLC, Sunday's Fourth Child, LLC, and Sunday's Fifth Child, LLC ("Sunday's Entities") did not oppose Irongate's motion for fees and costs.

The Magistrate Judge concluded in the F&R that Irongate was the prevailing party. The F&R awarded Irongate $443.73 in non-taxable costs for copying and deliveries, but did not award $966.00 in costs for staff support or $1,474.09 for computerized legal research.

As to attorneys' fees, the Magistrate Judge concluded that the number of hours expended by the six timekeepers for Irongate (4 attorneys and 2 law clerks) was reasonable, but reduced the hourly rate for five of the six timekeepers as follows: for Mr. O'Toole, from $500.00 to $390.00; for Mr. Lautenbach, from $275.00 to $190.00; for Ms. Schmitz from $230.00 to $180.00; for Ms. Wilbur, from $175.00 to $100.00; and for Ms. Stone, from $175.00 to $100.00.

2

Irongate objects to the F&R only to the extent that it recommends a reduction in the reasonable hourly rate of counsel (O'Toole, Lautenbach and Schmitz). Irongate asserts that the hourly rates charged are within the range of prevailing rates of comparable attorneys in the community. The Sunday's Entities did not respond to Irongate's objections.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review *de novo* those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Under a *de novo* standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *see also United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a *de novo* hearing. However, it is the Court's obligation to arrive at its own independent conclusion about those portions of the magistrate

3

judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## DISCUSSION

Irongate does not object to the Magistrate Judge's recommendation as to non-taxable costs or the recommendation that the hours expended by Irongate's timekeepers were reasonable. Accordingly, no objections having been filed by any party as to either of those determinations (and the Sunday's Entities having also filed no opposition to Irongate's underlying motion), the F&R's recommendation that the hours expended were reasonable and to award $443.73 in non-taxable costs are both adopted as the opinion and order of this Court.

Irongate only objects to the Magistrate Judge's reduction of the reasonable hourly rate for five of its six timekeepers.[1] Hawaii courts "employ[] the 'lodestar' method in determining a reasonable attorney's fee. Under the lodestar method, the court multiplies the number of hours reasonably expended by a reasonable hourly rate." *Kaleikini v. Yoshioka*, 129 Hawai'i 454, 469 (2013) (internal citation omitted). In determining the reasonable hourly rate, some of the relevant factors to consider include "the level of skill required, time limitations, the amount involved in the litigation, the attorney's reputation and experience, the

---

[1] The Magistrate Judge recommended that the charged hourly rate of $300.00 for Ms. Jenkins, Irongate's contract attorney, was reasonable and did not recommend a reduction in her rate. There being no objection to this recommendation, the Court adopts it as the opinion and order the Court.

4

quality of the representation, the attorney's success or failure in the outcome, and the 'undesirability' of the case." *In re Thomas H. Gentry Revocable Trust*, 2013 WL 37608, at *19 (Haw. App. Jan. 31, 2013); *see Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1213 (9th Cir. 1986) (listing similar factors that should be considered in reaching a reasonable fee award).

As a threshold matter, Irongate's objection offers no reason why the rates of law clerks Wilber and Stone should remain at Irongate's requested rate. The Court concludes that the $175 hourly rate is excessive and that $100.00 is a reasonable hourly rate for law clerks Wilber and Stone. *See Donkerbrook v. Title Guaranty Escrow Servs., Inc.*, 2011 WL 3649539, at *8 (D. Haw. Aug. 18, 2011) (reducing a law clerk's hourly rate as excessive from $120.00 to $100.00). The F&R is therefore adopted as to the recommended hourly rates of Wilber and Stone.

However, as to attorneys O'Toole, Lautenbach, and Schmitz, the Court modifies the F&R and concludes that the hourly rate requested by Irongate for each of these timekeepers was reasonable in this case. The Court agrees with Irongate that the experience, reputation, and ability of these three attorneys, the result obtained, and the efficiency they employed in resolving the matter for their client (less than 100 hours expended total among all timekeepers) are all relevant to the Court's determination of a reasonable hourly rate here.

5

Further, as noted by Irongate, the Courts finds it instructive that counsel for the Sunday's Entities bill at hourly rates similar to the rates of attorneys O'Toole, Lautenbach, and Schmitz. Perhaps for this reason, the Sunday's Entities did not oppose Irongate's motion for fees and costs, and also did not respond to Irongate's objections to the F&R. Regardless, the similarity of hourly rates between counsel on both sides in this matter supports the Court's conclusion that the rates of Irongate's counsel are within the prevailing rate in the community. *See also* Ex. 7 to Irongate's motion.

The Court concludes that the hourly rates of $500.00 for Mr. O'Toole, $275.00 for Mr. Lautenbach, and $230.00 for Ms. Schmitz were reasonable in this case and, as sufficiently shown by Irongate, are in line with the prevailing rates for comparable attorneys in the community. Accordingly, the F&R's recommended award of attorneys' fees is modified as follows:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Terence O'Toole, Esq. | 24.8 | $500.00 | $12,400.00 |
| Andrew Lautenbach, Esq. | 35.9 | $275.00 | $9,872.50 |
| Margaret Jenkins, Esq. | 12.0 | $300.00 | $3,600.00 |
| Emily Schmitz, Esq. | 10.3 | $230.00 | $2,369.00 |
| Maegan Wilber, law clerk | 12.4 | $100.00 | $1,240.00 |
| Chynna Stone, law clerk | 8.0 | $100.00 | $800.00 |
| SUBTOTAL | | | $30,281.50 |
| General Excise Tax | | 4.712% | $1,426.86 |
| TOTAL | | | $31,708.36 |

Irongate is thus awarded $31,708.36 in attorneys' fees.

6

## CONCLUSION

After a *de novo* review of Irongate's objections to the Magistrate Judge's findings and recommendations, the Court hereby adopts the findings and recommendations as to non-taxable costs, hours reasonably expended, and hourly rates of timekeepers Jenkins, Wilber and Stone. The Court modifies the award of attorneys' fees only as to the hourly rates of timekeepers O'Toole, Lautenbach, and Schmitz.

Irongate is awarded $31,708.36 in attorneys' fees and $443.73 in non-taxable costs, for a total award of $32,152.09.

IT IS SO ORDERED.

DATED: May 30, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Sunday's Child, LLC v. Irongate AZREP BW LLC, et al.; CV 13-00502 DKW/RLP; ORDER ADOPTING IN PART AND MODIFYING IN PART THE FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT IRONGATE AZREP BW LLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS