IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SUNDAY'S CHILD, LLC, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>IRONGATE AZREP BW LLC,<br><br>Defendant. | Case No. 13-cv-00502 DKW-WRP<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REQUIRE POSTING OF BOND PURSUANT TO LOCAL RULE 65.1**[1] |

Pending before the Court is Defendant/Counterclaimant Irongate Azrep BW LLC's motion to require posting of a bond pursuant to Local Rule 65.1 ("motion for bond"). Defendant seeks an order requiring Plaintiffs to post a bond of $968,638.13, which Defendant asserts is the amount necessary to satisfy 1.5 times the value of its counterclaim plus anticipated attorney's fees. As more fully set forth below, the motion for bond is DENIED because there is no legal authority that would permit the Court to order the bond sought.

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide this matter without a hearing.

## **DISCUSSION**[2]

Citing Local Rule 65.1, as well as a number of assorted procedural rules, statutory provisions, cases, and the Court's "inherent power," Defendant asserts that this Court has authority to require the posting of a bond amounting to 1.5 times the value of its counterclaim plus anticipated attorney's fees, pending the October 2020 trial on Plaintiffs' claims.  None of the purported authorities, however, apply to the situation here.  Starting with Local Rule 65.1, at best, that rule permits ordering "security for costs…."[3]  The vast majority of the bond amount sought by Defendant, however, does not represent costs.  Instead, it is a multiple of the value Defendant places on its counterclaim.  *Cf.* Black's Law Dictionary 423 (10th ed. 2014) (defining "legal costs" as "[a]ttorney's fees and other expenditures related to a lawsuit.").  As for the other procedural rules and state statutory provisions cited, none of them apply in the context presented here, as Defendant's request does not involve security for an injunction, the stay of a judgment, a supersedeas bond, a mechanic's lien, an attachment bond, a "vexatious litigant" under the applicable statute, or a bail bond.  *See* Dkt. No. 340-1 at 12.

---

[2]The Court assumes the parties' familiarity with the background of this case.
[3]The Court need not and, thus, does not address whether Local Rule *65.1* can be utilized to obtain a bond outside of the context of a Federal Rule of Civil Procedure *65* motion for an injunction.

This leaves Defendant's assertion that the Court has "inherent power" to order the posting of a bond. While that may be true, as Defendant acknowledges, the Ninth Circuit has explained that a court should "typically follow the forum state's practice." *Id*. (citations omitted). Here, Defendant cites to no "practice" of the State of Hawai'i that would permit this Court to order the posting of the bond sought through the instant motion. Finally, Defendant also asks for an order requiring Plaintiffs to "immediately satisfy the Judgment" on Defendant's counterclaim, again with the October 2020 trial on Plaintiffs' remanded claims remaining. *Id*. at 11. However, as with the request for posting of a bond, this request too is devoid of legal authority and, thus, is denied.

## **CONCLUSION**

For the reasons set forth herein, Defendant's motion for bond, Dkt. No. 340, is DENIED.

IT IS SO ORDERED.

DATED: July 16, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Sunday's Child, LLC, et al v. Irongate Azrep BW LLC*, Civil No. 13-00502 DKW-WRP; **ORDER DENYING DEFENDANT'S MOTION TO REQUIRE POSTING OF BOND PURSUANT TO LOCAL RULE 65.1**